**IN THE UNITED STATES DISTRICT COURT**
**OF THE EASTERN DISTRICT OF PENNSYLVANIA**

---

| | |
|---|---|
| **PHILADELPHIA INDEPENDENT TOWERS AND SALVORS ASSOCIATION, K&A AUTO SALVAGE, INC, MORTON TOWING & RECOVERY, DELAWARE VALLEY TOWING AND AUTO PARTS, STEFFA METALS CO., INC., ABOVE ALL SALVAGE INC., ORTHODOX AUTO COMPANY, FREDDIE'S AUTO PARTS INC., JIM'S AUTO RECYCLING INC, JAMISON'S TOWING SERVICES, PHILADELPHIA TOWING AND TRANSPORT.** | **Civil Action No.**<br><br>**COMPLAINT AND REQUEST FOR DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF** |
| **Plaintiffs,** | |
| **v.** | |
| **JOSHUA D. SHAPIRO, in his official capacity as Governor of the Commonwealth of Pennsylvania, MICHELLE A. HENRY, in her official capacity as Attorney General of the Commonwealth of Pennsylvania, PHILADELPHIA PARKING AUTHORITY** | |
| **Defendants.** | |

---

## COMPLAINT AND REQUEST FOR DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF

Plaintiffs, by and through their attorneys, van der Veen, Hartshorn, Levin & Lindheim, by way of Complaint and Request for Declaratory Judgement and Injunctive Relief avers the following:

## JURISDICTION AND VENUE

1.      This Court has Original Jurisdiction to hear this matter as it involves a violation of the Constitution of the United States under 28 U.S.C. §1331 and 1343 and 42 U.S.C. § 1983. Also, this Court has supplemental jurisdiction over any state law claims under 28 U.S.C. §1367.

2.      The practices alleged in this complaint were and are being committed in the Eastern District of Pennsylvania, wherein, upon reasonable belief, all of the parties, govern, and operate. Therefore, venue in this Court is invoked under 28 U.S.C. §§1331 and 1343 (1), (3) and (4).

3.      Venue is also proper in this District under 28 U.S.C. § 1391 because a substantial part of the events giving rise to Plaintiff's claim occurred in the Eastern District of Pennsylvania.

### PARTIES

4.      Plaintiff, Philadelphia Independent Towers and Salvors Association ("PITSA") is a group comprised of different companies who provide towing services in Philadelphia. PITSA is a nonprofit organization who individually have their principal place of business within the City of Philadelphia.

5.      Plaintiff, K&A Salvage Auto Salvage Inc, is a company providing towing services within the city of Philadelphia with its principal place of business at 3050 N. 17 Street Philadelphia, PA 19132.

6.      Plaintiff, Morton Towing & Recovery, provides towing services within the city of Philadelphia with its principal place of business located at 1950 W. Rockland Street Philadelphia, PA 19141.

7.      Plaintiff, Delaware Valley Towing & Auto Parts, provides towing services within the city of Philadelphia with its principal place of business located at 6159 W. Passyunk Avenue, Philadelphia, PA 19153

8.      Plaintiff, Steffa Metals Co., Inc, provides towing services within the city of Philadelphia with its principal place of business located at 3101 S. 61 Street Philadelphia, PA 19153.

9.     Plaintiff, Above All Salvage Inc., provides towing services within the city of Philadelphia with its principal place of business located at 6700 New State Road Philadelphia, PA 19135.

10.    Plaintiff, Orthodox Auto Group, provides towing services within the city of Philadelphia with its principal place of business located at 5247 Unruh Avenue, Philadelphia, PA 19135.

11.    Plaintiff, Freddie's Auto Parts Inc, provides towing services within the city of Philadelphia with its principal place of business located at 3101 S. 61 Street, Philadelphia, PA 19153.

12.    Plaintiff, Jim's Auto Recycling Inc, provides towing services within the city of Philadelphia with its principal place of business located at 6299 Passyunk Avenue, Philadelphia, PA 19153.

13.    Plaintiff, Jamison's Towing Service, provides towing services within the city of Philadelphia with its principal place of business located at 3215 S. 63 Street Philadelphia, PA 19153.

14.    Plaintiff, Philadelphia Towing and Transport, provides towing services within the city of Philadelphia with its principal place of business located at 3200 S. 61 Street Philadelphia, PA 19153.

15.    Defendant, Governor Joshua D. Shapiro is the current Governor of Pennsylvania, with a principal office address at the Governor's Office, 508 Main Capitol Building, Harrisburg, PA 17120, who is being sued in his official capacity. The Governor's duties include enforcing the laws of the Commonwealth of Pennsylvania. On December 13, 2023, Defendant Shapiro signed the unconstitutional Act into law.

16.     Defendant, Michelle A. Henry is the current Pennsylvania Attorney General, who is being sued in her official capacity. The Attorney General of Pennsylvania is the top law enforcement official in the Commonwealth of Pennsylvania.

17.     Defendant, Philadelphia Parking Authority ("PPA") is an agency of the Commonwealth of Pennsylvania, which pursuant to the unconstitutional act described herein, is the sole agency prescribed to tow abandoned cars in the City of Philadelphia.

## FACTS

18.     This action arises out of an unconstitutional Act passed by Governor Joshua D. Shapiro which monopolizes the key function of towing abandoned cars in the City of Philadelphia solely to the Philadelphia Parking Authority ("PPA").

19.     This unconstitutional Act eliminates Plaintiff's long-standing contract with the City of Philadelphia.

20.     By the legislators passing this unconstitutional law, they are placing more money in the Commonwealth of Pennsylvania Agency's pockets rather than private citizens of Pennsylvania, who have a valid, existing,  and continuous contract to execute the work they are suddenly now forbidden to perform.

21.     On or about January 1, 2000, Plaintiffs entered into a contract with the City of Philadelphia to tow all abandoned vehicles within the city limits of Philadelphia, Pennsylvania.

22.     This contract continuously remained in place between the parties from the year 2000 and an annual amendment would be made to effectively change the end date of the contract.

23.     On the first day of December, every year since 2000, Plaintiff's contract with the City of Philadelphia was renewed.

24.     Over the years, Plaintiffs towed thousands of abandoned cars in the City of Philadelphia.

25.     Plaintiffs rely upon these contracts as their main source of income, as they do not provide private towing services but serve the City of Philadelphia for years to clean up the streets.

26.     Most recently, on or about September 17, 2024, the parties entered into another extension of the original contract, extending the contract from December 1, 2024 until November 30, 2025.

27.     The contract requires Salvors to remove, store and return/dispose of abandoned vehicles within the jurisdictional limits of the city of Philadelphia.

28.     This includes vehicles that pose an imminent safety or health hazard or are found to have a registration and an inspection sticker, both of which are expired for a period exceeding ninety (90) days.

29.     Plaintiffs would rely upon the Philadelphia Police Department's Neighborhood Services Unit ("NSU") to identify which cars are deemed abandoned and therefore, should be towed by Plaintiffs.

30.     After Plaintiffs received an abandoned vehicle report (75-140) from NSU, giving Plaintiffs lawful authority to tow the vehicles pursuant to the contract, Plaintiffs would remove the abandoned vehicle to their storage facility.

31.     Pursuant to the agreement, after removing the vehicle, Plaintiffs would take a photograph of the abandoned vehicle.

32.     Plaintiffs would then notify NSU that the abandoned vehicle was removed from the streets of Philadelphia.

33.     Next, Plaintiffs would complete section "C" of the MV-952 form and  if the vehicle had any value remaining at the time the vehicle was towed, Plaintiffs would send the original to the State Abandoned Vehicle Unit within forty eight (48) hours.

34.     Plaintiffs would receive funds for their work pursuant to the longstanding contract.

35.     Between January 1, 2022 and December 31, 2023, Plaintiffs towed approximately 13,000 cars with a value of approximately $700.00 per car.

36.     Throughout that time period, Plaintiffs would tow all the abandoned cars in the City of Philadelphia, except in the latter half of 2023 when PPA began towing abandoned cars without authorization.

37.     However, beginning in 2023, the Pennsylvania House of Representatives and Senate were drafting laws which would ultimately destroy the long-standing contracts between the City of Philadelphia and Plaintiffs.

38.     On or about December 13, 2023, House Bill 1300 was signed by the Pennsylvania House of Representatives.

39.     On or about December 13, 2023, House Bill 1300 was signed and passed by the Commonwealth of Pennsylvania Senate.

40.     On or about December 13, 2023, Defendant, Governor Joshua Shapiro, in his official capacity as Governor of the Commonwealth of Pennsylvania, was presented with House Bill 1300 and subsequently signed House Bill 1300 into law as Act 2023 No. 34, effectively making the long-standing contract between Plaintiffs and the City of Philadelphia null and void.

41.     Act 2023 No. 34, Section 1607-M states: "For purposes of 75 Pa.C.S. § 7304.1 (relating to reports and removal of abandoned vehicles within the boundaries of a city of the first

class or second class), a designated municipal agency and an authorized salvor for a city of the first class shall mean the Philadelphia parking authority."

42.     As Philadelphia is the only First-Class City in the Commonwealth of Pennsylvania, this statute effectively allows the Philadelphia Parking Authority to be the only party who can tow abandoned cars in Philadelphia.

43.     By using the word "shall" the Legislator's made it clear that PPA is the only entity who can tow abandoned vehicles within the City of Philadelphia limits.

44.     As a result of Act 34, Plaintiffs have lost substantial revenue since most of their business relied upon the contract for Plaintiffs to tow all of the abandoned cars in the City of Philadelphia.

45.     The act is clear that only PPA can tow abandoned vehicles within the city of Philadelphia's limits.

46.     This is in violation of Plaintiffs' long-standing and newly extended contract with the City of Philadelphia and is unconstitutional on its face.

47.     This constitutional violation caused Plaintiff's businesses to become presumptively inoperative as they relied upon these contracts for their businesses to operate and flourish.

48.     As a direct result of this constitutional violation, Plaintiffs found their only choice was to lay off many employees, many of which have been employees for years.

49.     Plaintiffs will continuously suffer serious and irreparable harm to their constitutional rights as a result of the violations complained of herein, and that harm will continue unless the law is declared unconstitutional and unlawful and enjoyed by this Court.

50.     Now, Plaintiffs are unable to perform their complete duties under the extended contract, in violation of the Contracts Clause of the United States and Pennsylvania Constitutions.

**COUNT I**
**PLAINTIFFS v. All Defendants**
**42 U.S.C. § 1983- Violation of the Contracts Clause of the United States Constitution (U.S. Const. Art 1, § 10)**

51.     Plaintiffs adopt and incorporate the facts and allegations set forth above as if fully set forth herein.

52. Article I, Section 10 of the United States Constitution states: "No State shall…pass any… [l]aw impairing the [o]bligation of Contracts."

53.     Article I, Section 10 of the United States Constitution specifically applies to States by prohibiting the States from passing legislation that substantially impairs existing contracts.

54.     Under the Contracts clause, the Courts determine: "(1) whether there is a contractual relationship; (2) whether a change in a law has impaired that contractual relationship; and (3) whether the impairment is substantial. *Transport Workers Union of Am., Loc. 290 By and Through Fabio v. S.E. Pennsylvania Transp. Auth*., 145 F.3d 619, 621 (3d Cir. 1998) See also *General Motors Corp v. Romein,* 503 U.S. 181, 186 (1992); *Structural Steel Co. v. Spannaus*, 438 U.S. 234, 242–44, (1978); *Nieves v. Hess Oil Virgin Islands Corp*., 819 F.2d 1237, 1243 (3d Cir.1987).

55.     There is an existing and long-standing contract between Plaintiffs and the City of Philadelphia on the date this law was enacted.

56.     The change in law impairs Plaintiffs contractual relationship between Plaintiff and the City of Philadelphia.

57.     The impairment that the abovementioned constitutional law caused the contractual relationship between Plaintiffs and the City of Philadelphia is substantial.

58.     The impairment was specifically caused by the enactment of this unconstitutional legislation.

59.     Since PPA took over the duties of towing all abandoned cars in the City of Philadelphia, Plaintiffs contract has become compromised.

60.     Plaintiffs are detrimentally impaired by this new law as Plaintiffs have lost a substantial loss of revenue since the enactment of this unconstitutional law.

61.     The law completely dismissed the ability of Plaintiffs to perform the full obligations of towing abandoned cars under their contract and instead gives the majority of the duties under the contract to the PPA.

62.     A real and actual controversy exists between the parties.

63.     Plaintiffs will continue to suffer serious and irreparable harm to their constitutional rights as a result of the violations complained of herein, and that harm will continue unless the law is declared unconstitutional and unlawful and enjoyed by this Court.

**WHEREFORE**, Plaintiffs respectfully request this Honorable Court to issue an order declaring Act 2023 No. 34, Section 1607-M unconstitutional to the extent it violates the Contracts Clause of the United States Constitution.

**COUNT II**
**PLAINTIFFS v. All Defendants**
**Violation of the Contracts Clause of the Pennsylvania  Constitution**

**(P.A. Const. Art 1, § 17)**

64.     Plaintiffs adopt and incorporate the facts and allegations set forth above as if fully set forth herein.

65.     Article I, Section 17 of the Pennsylvania Constitution states that, "No *ex post facto law*, nor any law impairing the obligations of contracts… shall be passed." Pa. Const. art. I, § 17.

66.     Plaintiffs must establish that "… a change in state law has operated as a substantial impairment of a contractual relationship." *Assn. of Settle. Companies v. Dept. of Banking*, 977 A.2d 1257, 1277-78 (Pa. Cmmw. 2009) *South Union Township v. Department of Environmental Protection*, 839 A.2d 1179, 1188 (Pa.Cmwlth.2003) (citing *General Motors Corp. v. Romein*, 503 U.S. 181, 186 (1992)).

67.     Similarly to the Federal Contract clause, the Pennsylvania Contracts clause Plaintiff's analyze three elements: "(1) whether there is a contractual relationship; (2) whether a change in a law has impaired that contractual relationship; and (3) whether the impairment is substantial." *Assn. of Settle. Companies v. Dept. of Banking*, 977 A.2d 1257, 1277-78 (Pa. Cmmw. 2009) (quoting *Gen. Motors Corp. v. Romein*, 503 U.S. 181, 186 (1992).

68.     There was an existing and long-standing contract between Plaintiffs and the City of Philadelphia which stated Plaintiffs were to tow all of the abandoned cars in the City of Philadelphia.

69.     The law substantially impairs the ability of Plaintiffs to perform the obligations of towing abandoned cars and instead gives the duties the PPA.

70.     There was an existing and long-standing contract between Plaintiffs and the City of Philadelphia on the date this law was enacted.

71.     The change in law diminished Plaintiffs contractual relationship between Plaintiff and the City of Philadelphia.

72.     The impairment that the abovementioned constitutional law caused the contractual relationship between Plaintiffs and the City of Philadelphia is substantial.

73.     Since PPA took over the duties of towing all abandoned cars in the City of Philadelphia, Plaintiffs contract has become invalid.

74.     Plaintiffs are detrimentally impaired by this new law as Plaintiffs have lost millions of dollars since the enactment of this unconstitutional law.

75.     The law completely dismissed the ability of Plaintiffs to perform the obligations of towing abandoned cars under their contract and instead gives the duties under the contract to the PPA.

76.     A real and actual controversy exists between the parties.

77.     Plaintiffs will continue to suffer serious and irreparable harm to their constitutional rights as a result of the violations complained of herein, and that harm will continue unless the law is declared unconstitutional and unlawful and enjoyed by this Court.

**WHEREFORE**, Plaintiffs respectfully request this Court enter judgment in favor of Plaintiffs and against Defendants, individually, jointly and/or severally a:

a. Damages and costs of suit recoverable by Plaintiff;
b. Declare that the Act is null and void because it is unconstitutional in violation of Article 1, Section 10 of the United States Constitution;
c. Declare that the Act is null and void because it is unconstitutional in violation of Article I, Section 17 of the Pennsylvania Constitution;
d. Issue a preliminary and permanent injunction against enforcement of the act mandating that Plaintiffs be the sole Salvors allotted to Tow Abandoned cars within the city limits of Philadelphia
e. Issue a preliminary and permanent injunction mandating PPA stop towing abandoned cars within the city limits of Philadelphia.
f. All lost earnings and earing capacity due to the Unconstitutional Act;
g. All other damages and relief as is deemed necessary and equitable by the Court and/or jury presiding over this case; and
h. Such other and further relief as this Court deems just and proper.

**VAN DER VEEN, HARTSHORN, LEVIN & LINDHEIM**

DATE: 10/29/24

BY: */s/ Adam M. Leasure, Esquire*
Michael T. van der Veen, Esquire
ID No. 75616
Adam M. Leasure, Esquire
ID No. 334056
VAN DER VEEN, HARTSHORN, LEVIN & LINDHEIM
1219 Spruce Street
Philadelphia, PA 19107
P: (215) 546-1000
F: (215) 546-8529
mtv@mtvlaw.com
aleasure@mtvlaw.com
Attorneys for Plaintiffs